[No. 17626.   Department One.   February 10, 1923.]

Mike Merinella, *Appellant*, v. Hugh O. Swartz *et al.,*
*Respondents.*[1]

Replevin (29)—Evidence—Presumptions—Title.   In an action
of replevin, possession by the plaintiff makes a prima facie case
of ownership as against all the world, except the true owner.

Same (35)—Evidence—Sufficiency.   In replevin, a judgment
for defendant is properly directed, where it conclusively appears
that the plaintiff purchased the automobile in suit from a person
who had stolen it from defendant's predecessor in interest while
he was owner of it.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered May 27, 1922, in
favor of the defendants, notwithstanding the verdict
of a jury rendered in favor of the plaintiff, in an action
in replevin.   Affirmed.

*Van C. Griffin,* for appellant.

*Karr & Gregory* and *H. G. Sutton,* for respondents.

Bridges, J.—This was a replevin action.   The only
thing involved in this appeal is the action of the trial
court in rendering a judgment for the defendant not-
withstanding the verdict of the jury for the plaintiff.

The facts are in very little, if any, dispute.   The
plaintiff's testimony showed quite conclusively that,
about March 8, 1920, he purchased a certain Buick au-
tomobile from a man by the name of King, paying a
consideration therefor; King had the automobile on
one of the streets of the city of Seattle and had placed
on it· a sign indicating that it was for sale.   At the
time he purchased the car, the plaintiff knew very lit-
tle concerning King.   After the purchase he took pos-
session, had some repairs made, repainted the car,
used it for about a year, and during all the time

[1]Reported in 212 Pac. 1052.

claimed it as his own. After he had used the car for about a year, the police of the city of Seattle found it parked on one of the streets of that city and took it, and it subsequently came into the possession of the defendants.

The testimony of the defendants conclusively showed the following state of facts: One Vinikaw, a resident and business man of Seattle, on March 31, 1919, purchased the identical car in question from Eldridge-Buick Company, an agent in Seattle for the Buick car. He continued to own and operate the car for somewhat over a year, when, on the evening of March 6, 1920, it was stolen from the place where he had left it in front of the Elks Building in Seattle. Vinikaw immediately notified the police department that the car had been stolen and asked them to find it for him. At the time the car was stolen, it was insured by Stuyvesant Insurance Company, through its agents, Seeley & Company, of Seattle, against loss by theft. After the theft and upon the demand of Vinikaw, the insurance company, acting through its Seattle agents, paid the full amount of the insurance and took from Vinikaw the title to the automobile and the right to reclaim it should it be found. When the police found the car on the streets of Seattle, they delivered it into the possession of Seeley & Company, who shortly thereafter sold it for a valuable consideration to the defendants.

There is no question but that the car which the plaintiff purchased and which the police took from him was the identical car that was purchased by Vinikaw, which was stolen from him, and which the police found and turned over to the agents of the insurance company.

The trial court submitted the matter to the jury, which returned a verdict in favor of the plaintiff.

Thereafter, upon defendants' motion, the court entered judgment for the latter notwithstanding the verdict, and this appeal results.

That the plaintiff introduced sufficient testimony to make a *prima facie* case there is no doubt. Possession of personal property, particularly for a long time, under a claim of right, is some evidence of ownership as against all the world except the true owner. Cobbey, Law of Replevin, § 1017, says:

"Possession of personal property is *prima facie* proof of ownership, and is presumptive evidence that the possession is rightful. . . ."

In 22 C. J. 126, it is said:

"A rebuttable presumption of ownership, which, in the absence of evidence to the contrary, the law will assume to be correct, arises from the possession of real or personal property . . ."

The appellant argues that, if his evidence was sufficient to carry him past a nonsuit, then the whole controversy was for the jury. This position, however, is not correct, particularly in a case of this character. Where the testimony of the defendant in a replevin suit conclusively overcomes the *prima facie* case made by the plaintiff, there is nothing to be submitted to the jury. The plaintiff here could not possibly have a higher or better title than the person from whom he purchased had, and if the testimony, taken altogether, showed conclusively that he purchased from a person who had stolen the car from the defendant while he was the owner thereof, then it was the duty of the court either to direct a verdict for the defendant or to grant judgment notwithstanding the verdict. It is true the appellant contends that there is a conflict in the respondents' testimony concerning the theft of the car. He points out that Vinikaw, the former

owner of the car, testified it was stolen on March 6, 1920, and that he at once reported the theft to the police, and that one of the policeman testified that the loss was reported in March, of 1921, being long after the appellant had purchased. Everything shows conclusively that the policeman had simply become confused as to his dates, and that, as a matter of fact, the report of the loss was in March, 1920. The appellant also undertakes to point out certain other conflicts in the testimony of respondent concerning the ownership of the car at the time of its theft and concerning the theft itself, which conflicts, it is contended, were sufficient to carry the case to the jury on the question as to whether, as a matter of fact, the car had been originally stolen. But there is no real conflict on this question. The testimony is conclusive, not only that Vinikaw was the owner, but that the automobile was stolen from him and that the appellant purchased the car from the person who did the stealing. The *prima facie* case made by the plaintiff was conclusively overcome, and the court was right in granting a judgment notwithstanding the verdict.

The judgment is affirmed.

Main, C. J., Mackintosh, Holcomb, and Mitchell, JJ., concur.